IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN WAYNE FRANCKEWITZ,

   **Plaintiff,**

   v.

WARDEN TYRELL WILSON,
YES CARE HEALTH SYSTEM,

   **Defendants.**

Civil Action No.: MJM-24-1991

## MEMORANDUM

In response to Plaintiff Jonathan Wayne Franckewitz's amended civil rights complaint (ECF No. 7) filed pursuant to 42 U.S.C. § 1983, defendant YesCare Corp. filed a Motion to Dismiss (ECF No. 16), and defendant Warden Tyrell Wilson filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 30). Plaintiff opposes both motions. ECF Nos. 26 and 32. Also pending are Plaintiff's Motions to Subpoena Medical Records (ECF No. 22), Video (ECF No. 23), and Evidence (ECF No. 28). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, Defendants' motions, treated as motions to dismiss, shall be granted, and the Amended Complaint shall be dismissed.

**I.   BACKGROUND**

Plaintiff alleges that on July 13, 2024, while he was incarcerated at the Baltimore City Booking and Intake Center, Officer Reed and Sgt. Bamby forced him to move to an upper bunk, even though he suffers from multiple physical ailments that require his assignment to a lower bunk. ECF No. 7 at 4. He explains that he suffers from arthritis in his knees, arthritis in his upper and lower back, sciatica, and a "bulging groin hernia." *Id*. When Plaintiff attempted to use a desk to get to the upper bunk, he slipped and fell, hitting his head and injuring his neck. *Id*. Other inmates

picked him up from the floor and put him in a wheelchair, which Plaintiff states was inappropriate because his neck was injured during the fall. *Id.* He claims that the inmates' actions were also inappropriate because inmates should not have interfered with the obligations of medical or correctional staff. *Id.* Plaintiff recalls that he was taken by ambulance to Mercy Hospital where he was given a CT scan of his neck. ECF No. 7 at 5. He states that since the fall, the arthritis in his neck has been aggravated and he has "the discomfort of a popping action between vertebrae" on a regular basis. *Id.* As relief, Plaintiff seeks monetary damages for pain and suffering. *Id.* at 5.

## II.     PLAINTIFF'S MOTIONS FOR SUBPOENA

Plaintiff seeks a subpoena for "all video recordings from 3 North B side between the time of 16:00 to 17:00 hours" and a subpoena for all institutional medical records from 2021 until present to validate the necessity for a bottom bunk assignment. ECF No. 7 at 5. In a Motion to Subpoena Medical Records, Plaintiff states that the records should include an assignment to a bottom bunk and an Emergency Medical Transport to Mercy Hospital. ECF No. 22. In his Motion to Subpoena Video, Plaintiff states that the described video footage is "instrumental for corroborating facts within my original filing statement and substantiate improper procedures, from inmates being allowed to interfere with medical and correctional obligations." ECF No. 23. In addition, Plaintiff asserts that the video will establish that inappropriate medical transport was used, in light of his neck injury. *Id.* Plaintiff later added that video footage from the medical department on the date of the incident should also be included in the subpoenaed footage. ECF No. 27.

Plaintiff's motions for subpoenas are in the nature of a motion filed pursuant to Federal Rule of Civil Procedure 56(d), seeking "an opportunity for reasonable discovery" as a basis for

2

this Court to find that summary judgment is premature in this case. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011); *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023); *Putney v. Likin*, 656 F. App'x 632, 638–39 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). In the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). Further, a motion to dismiss may not be converted to one for summary judgment *sua sponte* unless this Court gives notice to the parties that it will do so. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-10 (D. Md. July 8, 2010).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *See Edwards v. Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The pending motion filed by defendant Yes Care does not seek summary judgment; rather, it simply seeks dismissal under Rule 12(b)(6). ECF No. 16. Additionally, Defendant Warden Tyrell Wilson's motion will be construed as one seeking dismissal without reliance on extraneous materials.[1] ECF No. 30.

---

[1] Counsel for Warden Wilson has responded to Plaintiff's original complaint and the supplemental complaint even though Plaintiff filed an amended complaint. *See* ECF No. 30-1 at 2–3. Counsel is

3

Because, as explained below, this Court finds the defendants are entitled to dismissal under Rule 12(b)(6), Plaintiff is not entitled to discovery, and his motions must be denied.

### III.   STANDARD OF REVIEW

As noted, the defendants have moved to dismiss this case. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Upon review of a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But liberal construction does not mean that a court can "ignore an obvious failure to allege facts setting forth a plausible claim for relief."  *Sheehan v. Saoud*, 650 F. App'x 143, 152 (4th Cir. 2016) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

---

reminded that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies . . .")).  Thus, when an amended complaint is filed, any response to the original complaint or a supplement becomes ineffectual.

IV.     ANALYSIS

Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives him "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

A.      **Constitutional Right**

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *see also Loftus v. Bobzien*, 848 F.3d 278, 284-85 (4th Cir. 2017); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

It is unclear what constitutional right Plaintiff claims was violated when he was assigned to the wrong bunk and moved incorrectly after he fell. Liberally construed as a Fourteenth Amendment claim regarding care for a serious medical condition, *i.e.*, the arthritis in his neck, the amended complaint fails. "To state a claim of deliberate indifference to a medical need . . . a

pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).  A pretrial detainee "no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id*.  Here, however, there is no allegation that an action or failure to act by one of the named defendants resulted in harm to Plaintiff.  Further, Plaintiff has not alleged that either defendant knew his assignment to an upper bunk posed an unjustifiably high risk of harm to him.  These failures alone require dismissal of the amended complaint. But, assuming Plaintiff can establish these elements, the amended complaint still fails for the following reasons.

    **B.**     **Supervisory Liability**

Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). In other words, there is no respondeat superior liability under § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

A private corporation like defendant Yes Care that steps into the shoes of a state actor cannot be held liable for a § 1983 claim solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009). Instead, liability to a private entity attaches only when a constitutional deprivation results from the entity having implemented an unconstitutional policy, custom, or practice. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To proceed against Yes Care, Plaintiff must identify some evidence that he was denied medical treatment pursuant to a policy, custom, or practice and it proximately caused a violation of his constitutional rights. *Monell*, 436 U.S. at 690; *see also Jordan ex rel Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). While Plaintiff alleges in a generalized manner that policies were violated when he was moved by other inmates, he does not identify these policies, nor does he explain how Yes Care failed to enforce them. In his opposition to Yes Care's Motion to Dismiss, Plaintiff focuses on the occurrence of his injury but does not explain the specifics of the Yes Care policy that was violated, resulting in his injury.

Plaintiff makes no mention of Warden Wilson in the amended complaint. There is no allegation that Warden Wilson personally participated in any wrongdoing that caused Plaintiff harm or that contributed to conditions that were unsafe. Rather, Plaintiff named Warden Wilson as a defendant because of his status as a supervisor. To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, the plaintiff must allege that (1) the supervisor had actual or constructive knowledge that subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff" (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the

7

subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).  Here, Plaintiff has not alleged that Warden Wilson knew or should have known about the inmates who assisted him after the fall, nor has he alleged any causal link between Warden Wilson's inaction and the injury he sustained.  Rather, the injury Plaintiff sustained was a slip and fall accident that Warden Wilson could not have prevented.  While unfortunate, Plaintiff's fall and any injury he may have sustained in the apparent earnest effort to assist him in obtaining medical assistance did not involve Warden Wilson, nor did it represent a failure to enforce a prison policy.

IV.     **CONCLUSION**

By separate Order which follows, Plaintiff's motions for subpoenas shall be denied and the amended complaint shall be dismissed.


 1/26/26                                                                 /S/
Date                                                        Matthew J. Maddox
                                                            United States District Judge